UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**HERMAN BIBBS, SR., ET AL.**                                **CIVIL ACTION**

**VERSUS**                                                   **NO. 10-82**

**HOUSE OF BLUES NEW ORLEANS**                               **SECTION "B" (3)**
**RESTAURANT CORPORATION**

**ORDER**

Before the Court is Defendant's Motion to Stay Proceeding and Compel Arbitration [Doc. #33]. The motion is unopposed. On February 11, 2011, this Court stayed this matter until it had the opportunity to determine whether this matter should proceed to arbitration. [Doc. #37]. The Court set the rest of the motion – essentially, the motion to compel arbitration – for oral hearing on April 13, 2011 (tomorrow). As noted above, no party opposes the motion.

The Federal Arbitration Act, 9 U.S.C. § 1 *et seq.*, liberally favors arbitration and establishes a strong federal policy that fosters enforcement of arbitration agreements. *Texaco Exploration & Prod. Co. v. AmClyde Engineered Prods. Co.,* 243 F.3d 906, 909 (5th Cir. 2001). As arbitration is a matter of contract, however, a party will not be required to submit a dispute to arbitration absent an express agreement to do so. *Pers. Sec. & Safety Sys. v. Motorola, Inc.*, 297 F.3d 388, 392 (5th Cir. 2002). To ascertain whether such an express agreement exists, the Court considers (1) whether there is a valid agreement to arbitrate between the parties and (2) whether the dispute in question

falls within the scope of that arbitration agreement.  *Id.*  Doubts as to whether an agreement expressly provides for arbitration are usually resolved in favor of arbitration.  *Id.*  The Court looks to ordinary state-law principles of contract interpretation to decide whether the parties agreed to arbitrate the dispute in question.  *Webb v. Investacorp, Inc.*, 89 F.3d 252, 258 (5th Cir. 1996).  If a valid agreement to arbitrate exists, the Court then determines whether other legal constraints foreclose arbitration.  *Id.*

Here, the Court finds that there is a valid Agreement to Arbitrate that plaintiffs signed on July 21, 1999 and July 22, 1999.  (Ex. 1, attached to Def.'s Mem. Supp.).  The Court also finds that the dispute in question falls within the scope of the Agreement to Arbitrate.  The "Scope of Agreement to Arbitrate" provides that the agreement covers "any claims for employment discrimination or harassment under any federal or state law. . . ."  (Ex. 3, attached to Def.'s Mem. Supp.).  A review of plaintiffs' Complaint reveals that plaintiffs sue defendant under Title VII of the Civil Rights Act of 1991, 42 U.S.C. § 2000e *et seq.* [Doc. #1 at ¶ 1].  Plaintiffs allege claims for disparate treatment [*see id.* at ¶¶ 17-18] and discriminatory discharge [*see id.* at ¶¶ 19-20].  These claims by their very nature  fall squarely within the scope of the arbitration agreement.  Accordingly,

**IT IS ORDERED** that Defendant's Motion to Stay Proceedings and Compel Arbitration [Doc. #33] is GRANTED.

**IT IS FURTHER ORDERED** that plaintiffs ARBITRATE their claims against defendant House of Blues New Orleans Restaurant Corporation in accordance with the arbitration agreement.  All proceedings are STAYED until arbitration has been completed.

**IT IS FURTHER ORDERED** that the above-captioned matter is CLOSED for administrative purposes.

**IT IS FURTHER ORDERED** that the oral hearing set on April 13, 2011 is CANCELLED.

**IT IS FURTHER ORDERED** that the pre-trial conference set on Thursday, April 14, 2011 at 2:00 p.m. is CANCELLED.

New Orleans, Louisiana, this 12th day of April, 2011.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**